UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

                            Plaintiff,

                -against-

NELNET, INC.,

                          Defendant.

26-CV-0012 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. By order dated January 9, 2026, the Court transferred the action to the Northern District of Georgia. (ECF 5.) To facilitate speedy resolution of Plaintiff's request for emergency injunctive relief, the Court waived the seven-day waiting period under Local Civil Rule 83.1. The Clerk of Court transferred the action on January 9, 2026, and, on January 12, 2026, the court received confirmation that the action was received by the Northern District of Georgia.[1] Between January 19, 2026, and February 9, 2026, Plaintiff has filed six submissions in this closed action: (1) a "Notice of Procedural Defect" (ECF 8); (2) a "Motion for Corrective Service and Clarification of Transfer Order" (ECF 9); (3) a "Limited Motion for Relief Under Federal Rule of Civil Procedure 60(a) or, in the alternative, Rule 60(b)(1)" (ECF 10); (4) a "Notice of Federal Servicing Violations, Constructive Denial, and Required Corrective Action" (ECF 11); (5) a "Motion to Declare the January 9, 2026 Transfer Order Void" (ECF 12); and (6) a "Motion to Compel Proper Emergency Review" (ECF 13).

---

[1] The action has been proceeding in the Northern District of Georgia. By order dated January 12, 2026, that court denied Plaintiff's request for preliminary injunctive relief, finding that he has not shown a substantial likelihood of success on the merits of his claims or that he is at risk of irreparable harm. *See Moody v. Nelnet, Inc.*, No. 1:26-CV-0138, ECF No. 10 (N.D. Ga. Jan. 12, 2026).

For the reason set forth below, the Court denies the motions.

**DISCUSSION**

The transfer of a case generally divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction only in limited situations, such as where the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court," *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995), or where "the question . . . is whether the district court had power to order the transfer," *Farrell v. Wyatt*, 408 F.2d 662, 664-65 (2d Cir. 1969);[2] *see also Tlapanco v. Elges*, No. 15-CV-2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017) (holding that the transferor court retains jurisdiction if "a party opposing the transfer . . . preserve[d] his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect").

Here, the transferee court acknowledged receipt of this transferred action on January 12, 2026, and Plaintiff's submissions were filed between January 19, 2026, and February 9, 2026. Thus, this Court does not have jurisdiction to consider his submissions, and denies them for that reason.

This action is closed in this court. If Plaintiff continues to file meritless motions in this action, the Court will direct Plaintiff to show cause why he should not be barred from filing

---

[2] Moreover, "[e]ven where the issue is lack of power, those attacking a transfer order should move swiftly for interim relief." *In re Robinson*, 198 F. App'x 71, 72 (2d Cir. 2006).

additional documents in this action except for documents directed to the United States Court of Appeals for the Second Circuit.

## CONCLUSION

Plaintiff's motions (ECF 8, 9, 10, 11, 12, 13) are denied. The Clerk of Court is directed to terminate all motions in this action.

This action is closed in this court. If Plaintiff continues his pattern of filing meritless motions in this action, the Court will direct Plaintiff to show cause why he should not be barred from filing additional documents in this action except for documents directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 11, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge