UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMARI J. MOODY,<br><br>      Plaintiff,<br><br>   -against-<br><br>NELNET, INC.,<br><br>      Defendant. | 26-CV-0012 (LTS)<br>26-CV-0128 (LTS)<br>26-CV-0222 (LTS)<br><br>BAR ORDER UNDER<br>28 U.S.C. § 1651 |

| |
|---|
| AMARI J. MOODY,<br><br>      Plaintiff,<br><br>   -against-<br><br>KEVIN WEIMER; BRITTANY POLEY; JOHN AND JANE DOES 1-5,<br><br>      Defendants. |

| |
|---|
| AMARI J. MOODY,<br><br>      Plaintiff,<br><br>   -against-<br><br>PHILIP BOUDEWYNS; TIANA P. GARNER; JENNIFER W. MONAGHAN; MATTHEW EASON; BARBARA OBERMEYER; DOES 1-10,<br><br>      Defendants. |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed these three actions *pro se*. On May 4, 2026, the Court ordered Plaintiff, within 30 days, to show cause by declaration why he should not be barred from filing further submissions in these three actions without prior permission to file from the court. Plaintiff filed a declaration on May 5, 2026, but his arguments against imposing the bar order are insufficient. To the extent Plaintiff argues that the Court lacks jurisdiction to enter the bar order because it lacks

jurisdiction to consider his substantive motions in these transferred actions,[1] Plaintiff is incorrect. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (explaining that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases" (citing cases)); *Hertzner v. Henderson*, 292 F.3d 302, 303 (2d Cir. 2002) (holding that, even though the Court of Appeals lacked jurisdiction to adjudicate the merits of an appeal, it maintained its "legal authority to enter housekeeping orders to control [its] own docket"). Accordingly, the Court issues the bar order.

The Court hereby bars Plaintiff from filing future submissions in these three actions—Nos. 26-CV-0012 (LTS), 26-CV-0128 (LTS), 26-CV-0222 (LTS)—without prior permission from the court, with the exception of documents directed to the Second Circuit. *See* 28 U.S.C. § 1651. The court will continue to review Plaintiff's submissions. The court, however, will not respond to any submission or request that Plaintiff files without seeking permission from the court, with the exception of documents directed to the Second Circuit, and will direct the Clerk of Court to terminate on the docket any motion event arising from such a filing. If Plaintiff seeks permission to file in compliance with this order, and if the court determines that the filings are frivolous or lack merit, the court will (1) summarily deny the relief sought in the filing, except in so far as it seeks transmission of material to the Second Circuit; and (2) direct the Clerk of Court to terminate on the docket any motion event arising from the filing.

---

[1] The Court has held that, because these actions were received by the transferee courts before Plaintiff filed his various motions for reconsideration and other substantive relief, the Court lacks jurisdiction to consider his motions. *See, e.g.*, *Moody v. Nelnet, Inc.*, ECF 1:26-CV-0012, 14 (LTS) (S.D.N.Y. Feb. 11, 2026).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 12, 2026
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge